We have considered all the evidence. The only controversy relates to the size of the island above the water level upon the improvement of Fenn.

The material facts upon which title rests are not in dispute. Upon the ground that the decision rests upon the law of the case, and not upon conflict of evidence, we hold that the rulings and order of the trial court in respect to the motion for a new trial and the vacation of the order overruling the same is not prejudicial to the state.

Judgment affirmed.

---

## INFORMATION WHICH DID NOT CONSTITUTE NOTICE OF A STREET ASSESSMENT.

Circuit Court of Summit County.

CATHERINE RENTSCHLER ET AL V. CITY OF AKRON.

Decided, October 12, 1910.

*Special Assessments—No Notice of Resolutions Declaring Necessity of Improvement—Actual Notice of Work Thereafter, No Defense in Action to Enjoin.*

In an action to restrain the collection of a special assessment admitted to be excessive, no notice of the passage of the resolution declaring the necessity of the improvement contemplated having been served upon the plaintiff, it is no defense that plaintiff had knowledge of a former petition for and remonstrance against the improvement, nothing having been done thereunder, nor that she had knowledge of operations on the street after the passage of the resolution and ordinance under which the work was finally let and done.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

This action was brought to enjoin the collection of a special assessment on the ground that it is excessive and that no notice of the passage of the resolution declaring the necessity of the improvement contemplated was ever served upon the plaintiff as required by law.

Both these claims are admitted by the city, but it is urged that plaintiff should nevertheless be held liable for part of the

assessment because she had actual knowledge of the progress of the improvement.

The evidence submitted to sustain this point is not sufficient.

Plaintiff's knowledge of a former petition for and remonstrances against the improvement of the street on which her property abuts amounts to nothing, for it is conceded that nothing was ever done thereunder. A year after that petition was abandoned, the proceedings complained of were begun.

Nor is her knowledge of operations on the street after the passage of the resolution and ordinance, and the final letting of the contract for the work to be done thereunder, of any avail to the city.

It was then too late for her to submit any claim for damages or to approach the council with respect to the character of the improvement which was to be made.

The Supreme Court has held that notice to the resident landowner, substantially as required by Section 2304, is a condiiton precedent to the exercise of the authority to pass a valid ordinance ordering the improvement, so far as such owner is concerned, or to make an assessment on his property to pay for the same. *Joyce* v. *Barron*, 67 O. S., 264.

For the reasons stated in said case, we hold the plaintiff is entitled to all the relief she prays.

Judgment for plaintiff.